UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERTO LUGO,

      Petitioner,

v.                                                    Case No. 6:11-cv-1617-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.
_____/

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents filed a response and a supplemental response to the petition in compliance with this Court's instructions (Doc. Nos. 8 & 15). Petitioner filed replies to the response and supplemental response (Doc. Nos. 10 & 17).

Petitioner alleges three claims for relief in his petition: (1) trial counsel rendered ineffective assistance by failing to object to the testimony of the Child Protection Team Coordinator as irrelevant, (2) trial counsel rendered ineffective assistance by failing to object to the testimony of the physician who examined the victim as irrelevant, and (3) trial counsel rendered ineffective assistance by failing to inform Petitioner that the charges against him included a twenty-five year mandatory minimum sentence. As discussed hereinafter, the Court concludes that the petition is untimely and otherwise subject to denial pursuant to 28 U.S.C. § 2254(d).

I.      *Procedural History*

Petitioner was charged by amended information with two counts of capital sexual battery (counts one and two) and two counts of lewd or lascivious molestation (counts three and four).  A jury trial was conducted.  The trial court granted a judgment of acquittal on counts two and four.  The jury found Petitioner guilty of attempted capital sexual battery as to count one and guilty of count three.  The trial court subsequently dismissed the conviction for count one and sentenced Petitioner to a thirty-year term of imprisonment with a twenty-five year minimum mandatory to be followed by sex offender probation on count three.

Petitioner appealed his conviction.  The Fifth District Court of Appeal of Florida affirmed the conviction on December 28, 2007.

On August 11, 2008, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief.[1]  The state court denied the motion.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.  Mandate was issued on February 7, 2011.

Petitioner filed the instant petition on October 4, 2011.

---

[1]This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

## II.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The appellate court entered its order of affirmance on direct appeal on December 28, 2007.  Petitioner then had ninety days, or through March 27, 2008, to petition the Supreme Court of the United States for writ of certiorari.  *See* Sup. Ct. R. 13.[2]  Thus, under

---

[2]Rule 13 provides as follows:

§ 2244(d)(1)(A), the judgment of conviction became final on March 27, 2008, and Petitioner had through March 27, 2009, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Petitioner filed a Rule 3.850 motion on August 11, 2008.  At that time, 137-days of the one-year time limitation for filing a federal habeas petition had expired.   Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings.  The time began to run again on February 7, 2011, when mandate issued after the appellate court affirmed the trial court's denial of the Rule 3.850 motion.  Petitioner, therefore, had until September 23, 2011, to file the instant petition.  The petition, however, was not filed until October 4, 2011.

Prior to filing the instant petition, Petitioner filed two other habeas petitions in case numbers 6:11-cv-1102-Orl-31KRS and 6:11-cv-1358-Orl-28DAB.  Case number 6:11-cv-1102-Orl-31KRS was dismissed without prejudice on August 5, 2011, after Petitioner failed to file

---

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

his prisoner account statement as ordered by the Court.  *See* 6:11-cv-1102-Orl-31KRS, Doc. No. 6.  Likewise, 6:11-cv-1358-Orl-28DAB was dismissed without prejudice on September 14, 2011, after Petitioner failed to file his prisoner account statement.  *See* 6:11-cv-1358-Orl-28DAB, Doc. No. 6.  However, Petitioner's prior federal habeas petitions did not toll the one-year period.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition).

Petitioner argues that § 2244(d)(1)(B) applies to make his petition timely.  In support of this contention, Petitioner maintains that he was impeded by the State from timely filing his petition because prison officials failed to timely provide him with his prisoner accounts statements, which resulted in his prior petitions being dismissed without prejudice.  "To delay the running of the statute of limitations, § 2244(d)(1)(B) requires state action that both 'violat[ed] . . . the Constitution or laws of the United States' and 'prevented [the prisoner] from filing' his federal petition."  *Johnson v. Florida Dep't. of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(B)).  Although due process might be implicated, Petitioner has not cited any federal statute or constitutional provision that was violated by the State's failure to provide him with his prisoner account statement.  Moreover, Petitioner has not demonstrated how the State's action actually prevented him from timely filing his § 2254 petition.  Petitioner was able to file his prior actions within the applicable time period.  However, he failed to move for extensions of time to file his

prisoner account statement in order to comply with the court's orders. Thus, Petitioner's own inaction resulted in his untimely filing of the instant petition.

Petitioner also argues that the one-year period should be subject to equitable tolling because (a) he is borderline illiterate, and (b) he acted with due diligence to cure the defects in his two previous habeas cases.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner has not demonstrated that some extraordinary circumstance prevented him from timely filing his habeas petition. In fact, as discussed previously, Petitioner was able to timely initiate two habeas actions prior to filing the instant action. Petitioner, however, failed to comply with the court's orders to file a prisoner account statement within the allotted time, and he failed to move for an extension of time to comply with the court's orders. Had Petitioner done so, it is likely that his prior cases would not have been dismissed. The Court, therefore, cannot conclude that some extraordinary circumstance stood in Petitioner's way to prevent him from timely filing his habeas petition.

Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling, and the petition is untimely.

Alternatively, the Court notes that if the instant action were timely, the Court would deny Petitioner's claims pursuant to 28 U.S.C. § 2254(d).  Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a

> federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

Upon review of the record, the Court concludes that the state court's denial of Petitioner's claims is neither contrary to, nor an unreasonable application of, *Strickland*. With respect to claims one and two, Petitioner contends that counsel rendered ineffective assistance by failing to object to the testimony of  two of the State's witnesses on the basis of relevancy.  Assuming such objections would have been sustained, Petitioner has not demonstrated that a reasonable probability exists that he would have been found not guilty.

Neither of these witnesses provided any inculpatory testimony against Petitioner. Instead, the Child Protection Team Coordinator merely testified that she had asked the victim questions to ascertain the victim's ability to understand questions and provide truthful answers.  The coordinator, however, did not provide any testimony regarding

what the victim told her concerning the incident.  Likewise, the doctor who examined the victim did not testify regarding anything that the victim or anyone else told him prior to his examination of the victim.  Moreover, the doctor testified that there were no injuries to the victim, no signs of sexual activity, and no DNA or semen on the victim.  Finally, the inculpatory evidence against Petitioner was substantial.  Petitioner has not established that prejudice resulted from counsel's failure to object to testimony of these witnesses.

Petitioner has also not demonstrated that prejudice resulted from counsel's purported failure to advise him that he was subject to a minimum mandatory sentence of twenty-five years if convicted.  Prior to the trial, the State noted that it had offered Petitioner a plea deal of twenty years.  (App. B at 4.)  The prosecutor further noted that Petitioner faced a sentence of "day for day, life" if convicted.  *Id.*  Defense counsel affirmed that he had explained this to Petitioner.  *Id.*  The court then asked Petitioner if he wished to accept the plea offer to which Petitioner responded no.  *Id.*  Thus, Petitioner was aware that he faced a life sentence if convicted but chose to proceed to trial.  Petitioner, therefore, has not demonstrated that a reasonable probability exists that he would have entered a plea had counsel advised him of the twenty-five year minimum mandatory sentence.  Accordingly, Petitioner's claims would be denied pursuant to Section 2254(d) if the instant petition was not untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

9

### III.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y. Dep't. of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.   However, a  prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The Petition is DENIED.

2.      This case is **DISMISSED WITH PREJUDICE**.

3.      Petitioner is **DENIED** a Certificate of Appealability.

4.      The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.

        **DONE AND ORDERED** in Orlando, Florida, this 25th day of March, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 3/25
Gilberto Lugo
Counsel of Record